IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

QURAN MCLENDON,              :        CIVIL ACTION
    Plaintiff,              :
                       :
    v.              :        NO.  26-2250
                       :
CITY OF PHILADELPHIA, *et al.*,   :
    Defendants.              :

## ORDER

**AND NOW**, this 24th day of June 2026, upon consideration of plaintiff Quran McLendon's motion for leave to proceed *in forma pauperis* (DI 1), Prisoner Trust Fund Account Statement (DI 3), and *pro se* complaint (DI 2), it is **ORDERED**:

1.      Plaintiff's motion for leave to proceed *in forma pauperis* (DI 1) is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.      Quran McLendon, #1067476, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The court directs the Warden of the Curran-Fromhold Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. McLendon's inmate account; or (b) the average monthly balance in Mr. McLendon's inmate account for the six-month period immediately preceding the filing of this case.  The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this order to the court with a reference to the docket number for this case.  In each succeeding month when the amount in Mr. McLendon's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Mr. McLendon's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3.     The Clerk of Court is **DIRECTED** to **SEND** a copy of this order to the Warden of the Curran-Fromhold Correctional Facility.

4.     The complaint is **DEEMED** filed.

5.     The following claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for the reasons stated in the court's accompanying memorandum as follows:

    a.  All equal protection claims, the excessive force claims against Correction Officers R. Young and John Does 1-6, and the claims against the City of Philadelphia.

6.     Mr. McLendon may file an amended complaint within thirty (30) days of the date of this order as to the dismissed claims if he is capable of curing the defects the court has identified in these claims.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Mr. McLendon's claims against each defendant.  <u>Any amended complaint shall be a complete document that does not rely on the initial complaint, or other papers filed in this case to state a claim</u>.  When drafting his amended complaint, Mr. McLendon should be mindful of the court's reasons for dismissing the claims in his initial complaint as explained in the court's memorandum.  **If Mr. McLendon files an amended complaint and intends to proceed on the excessive force claim that the court has not dismissed, namely against Correction Officer R. Gibson, he must replead these claims, including all facts related to this claim.**  Failure to do so will result in the claim being dropped from the lawsuit.

7.     Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8.    The Clerk of Court is **DIRECTED** to send Mr. McLendon a blank copy of this court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number.  He may use this form to file his amended complaint if he chooses to do so.

9.    If Mr. McLendon fails to file any response to this order, the court will conclude that Mr. McLendon intends to proceed **only** on the excessive force claim against Correction Officer Gibson.  For faster processing, Mr. McLendon may file a "Notice of Intent to Proceed," including civil action number 26-2250 in such notice, indicating that he intends to proceed only on this claim.

**MURPHY, J.**